**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLORADO**

Civil Action No. 1:26-cv-3267

BONEITA CASALI, *Individually, and on Behalf of All Others Similarly Situated,*

Plaintiff,

v.

REDX LLC,

Defendant.

---

**NOTICE OF REMOVAL**
**28 U.S.C. §§ 1332, 1441 AND 1446; CLASS ACTION FAIRNESS ACT JURISDICTION**

---

**TO THE CLERK OF THE ABOVE-TITLED COURT:**

**PLEASE TAKE NOTICE** that Defendant REDX LLC ("REDX" or "Defendant"), hereby removes this action from the Colorado District Court for the County of Denver to the United States District Court for the District of Colorado, pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332 (d). In support of its Notice of Removal, REDX states as follows:

## I. PROCEDURAL HISTORY

1. On June 18, 2026, Plaintiff Boneita Casali ("Plaintiff") filed a complaint against REDX in the Denver County District Court, titled *Boneita Casali, on behalf of herself and all others similarly situated v. REDX LLC*, Case No. 2026CV32246 (the "State Court Action"). A true and correct copy of the Plaintiffs' Complaint (the "Complaint") filed in the State Court Action is attached as **Exhibit A**.

2. The State Court Action asserted one claim for the alleged violation of the Colorado Prevention of Telemarketing Fraud Act ("PTFA"). Colo. Rev. Stat. § 6-1-304 *et. seq*.

3. On June 22, 2026, REDX was served with the Summons and Complaint in the State Court Action. Attached hereto, and incorporated herein as **Exhibit B**, is a true and correct copy of all process, pleadings, and orders served on REDX in the State Court Action.

## II. REMOVAL IS PROPER UNDER THE CLASS ACTION FAIRNESS ACT (CAFA)

4. Pursuant to the CAFA, where the proposed class involves 100 or more members "[t]he district court shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which [...] any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A), (d)(5).

5. This action satisfies the requirements set forth under the CAFA because it is a civil action filed as a putative class action involving thousands of class members, minimal diversity exists between Plaintiff and REDX based on the face of the Complaint, and the amount in controversy exceeds $5,000,000 based on the allegations set forth in the Complaint and Plaintiff's alleged damages sought on behalf of herself and the putative class.

### A. The Proposed Class Exceeds 100 Members

6. The CAFA provides that the district court shall not have jurisdiction over actions where "the number of members of all proposed plaintiff classes in the aggregate is less than 100." 28 U.S.C. § 1332(d)(5). Plaintiff alleges that the "Class is composed of at least thousands of individuals." [Compl. ¶ 30]. Based on this allegation, there are more than 100 putative class members, and the first requirement for CAFA jurisdiction is met. 28 U.S.C. § 1332(d)(5).

### B. Minimal Diversity Exists under CAFA

7. To satisfy CAFA's diversity requirement, a party seeking removal need only show that minimal diversity exists—that is, that one putative class member is a citizen of a state different from that of one defendant. 28 U.S.C. § 1332(d)(2). Defendant REDX is organized in Utah and maintains its principal place of business in Utah, making it a citizen of Utah for purposes of

diversity jurisdiction. Compl. ¶¶ 11. Plaintiff is a resident and citizen of Colorado. Compl. ¶ 10. Accordingly, the parties are minimally diverse for purposes of CAFA because the Plaintiff is a citizen of a different state than REDX. *See* 28 U.S.C. § 1332(d)(2)(A).

**C. <u>CAFA's Amount in Controversy Requirement is Satisfied</u>**

8. Under the CAFA, the amount in controversy requirement is satisfied if the amounts implicated by the claims of the putative class exceed, in the aggregate, $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(6). If a plaintiff fails to plead a specific amount of damages and the amount in controversy is not facially apparent from the complaint, other documentation can provide the basis for determining the amount in controversy, including the notice of removal. *McPhail v. Deere & Co.*, 529 F.3d 947, 957 (10th Cir. 2008); *see also Valdez v. Metro. Prop. & Cas. Ins. Co.*, 867 F. Supp. 2d 1143, 1163 n.6 (D.N.M. 2012) ("[A]pplying case law from traditional diversity cases to determine the amount in controversy is appropriate, because CAFA 'operates as an expansion of diversity jurisdiction' and is found in 28 U.S.C. § 1332 with the traditional diversity jurisdiction requirements.").

9. In the context of CAFA, when calculating the amount in controversy, a removing defendant may calculate based on the complaint's allegations. *Frederick v. Hartford Underwriters Ins. Co.*, 683 F.3d 1242, 1245–47 (10th Cir. 2012) (citing *McPhail*, 529 F.3d at 954). In making this showing, the removing party's "burden is 'rather light' if the sum claimed by the plaintiff exceeds the jurisdictional amount." *Id.* The removing party is "entitled to present its own estimate of the stakes" and "'is not bound by the plaintiff's estimate' in the complaint." *Id.* "State pleading standards do not affect a defendant's entitlement to present this evidence," as well as a "plaintiff's attempt to limit damages in the complaint is not dispositive when determining the amount in controversy." *Id.* And when a plaintiff requests undefined damages or damages below the jurisdictional minimum, federal jurisdiction is proper if a defendant establishes by a preponderance of the evidence that the amount in controversy exceeds $5,000,000, and remand is warranted only

if the plaintiff shows it is legally impossible to recover more than that amount. *Id.* The Supreme Court has held that a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold to meet the amount-in-controversy requirement. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89–90 (2014). "Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Id.* at 90.

10. Plaintiff purports to bring this action on behalf of "all Colorado residents whose cell phone numbers were listed on vortex.theredx.com without their affirmative consent during the applicable statute of limitations period." Compl. ¶¶ 28 - 41. Plaintiff alleges that REDX must pay statutory damages "pursuant to Colo. Rev. Stat. § 6-1-305(1)(c), of at least three hundred dollars and not more than five hundred dollars for each first offense, and at least five hundred dollars and not more than one thousand dollars for each second or subsequent offense[.]" Compl. ¶¶ 45. Plaintiffs also seek "declaratory relief," "injunctive and equitable relief as is necessary to protect the interests of Plaintiffs and the Class," and "reasonable attorneys' fees and other litigation costs pursuant to Colo. Rev. Stat. § 6-1-305(1)(c)." [*Id.* at ¶ 45].

11. Plaintiffs thus allege that they and each putative class have suffered a minimum of $300 in statutory damages.

12. Even if these were the only damages used to calculate the amount in controversy, there would need to be only 16,667 members in the putative class and one violation each to exceed the $5,000,000 threshold. *See*, *e.g.*, *Payne v. Tri-State Careflight, LLC*, 322 F.R.D. 647, 678 (D.N.M. 2017) ("These are rough, back-of-the-envelope calculations, but, the Court concludes that they are sufficient, given that the 'test to determine amount in controversy is not the sum ultimately found to be due, but the sum demanded in good faith.'"); *Plummer v. Farmers Grp., Inc.*, 388 F. Supp. 2d 1310, 1318 (E.D. Okla. 2005) (finding the amount in controversy exceeded CAFA's $5,000,000 threshold based on a preponderance of the evidence where the court reasonably

inferred that all class members sought similar damages and reached that conclusion through "effortless mathematical calculations" based on the amended petition and notice of removal).

13. Plaintiff defines the class to include all Colorado residents whose numbers appeared on the website during the limitations period and repeatedly allege widespread dissemination involving "thousands" of Colorado residents. Compl. ¶¶ 6, 16, 18, 38.

14. REDX denies Plaintiff is entitled to damages and that a certifiable class exists. However, based on REDX's understanding of Plaintiff's class definition, the putative class (although uncertifiable) contains at least 16,667 individuals.

15. For the foregoing reasons, the aggregate amount placed in controversy by the allegations in Plaintiff's Complaint meets the $5,000,000 threshold required by CAFA.

**D. <u>No CAFA Exception Applies</u>**

16. Finally, no CAFA exception applies. CAFA includes a "home state" exception that require this district court to decline jurisdiction when the putative class meets all of elements of either subsection (A) or (B) of 28 U.S.C. § 1332(d)(4).

17. First, under 28 U.S.C. § 1332(d)(4)(A), this Court must decline jurisdiction if all four of the following conditions are met:

> (1) greater than two-third of the members of all proposed plaintiff classes are citizens of the state in which the action was originally filed;
>
> (2) at least one defendant —(a) from whom significant relief is sought, (b) whose alleged conduct forms a significant basis for the claims asserted, and (c) who is a citizen of the state in which the action was originally filed—is present;
>
> (3) the principal injuries resulting from the alleged conduct (or any related conduct of each defendant) were incurred in the state in which the action was originally filed; and
>
> (4) during the three-year period preceding the filing of the class action, no other class action asserting the same or similar factual allegations was filed against any of the defendants on behalf of the same or other persons.

18. CAFA's "local controversy" exception applies only if, among other factors, at least one defendant is a citizen of the state in which the action was originally filed. 28 U.S.C. § 1332(d)(4)(A). Given that Plaintiff admits that REDX (the only defendant) is not a citizen of the State of Colorado, the local controversy exception under 28 U.S.C. § 1332(d)(4)(A) does not apply. [*See* Compl. ¶ 11].

19. Second, CAFA's "home state controversy" exception under 28 U.S.C. § 1332(d)(4)(B), requires this Court to decline jurisdiction where both (1) two-thirds or more of the proposed plaintiff class members, and (2) *the primary defendants* are citizens of the state in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(B) (emphasis added). As stated above, it is not possible for the only defendant to be a citizen of Colorado, the state in which this action was originally filed, as REDX is not a citizen of Colorado. *See* Compl. ¶ 11. Accordingly, § 1332(d)(4)(B) does not apply.

20. Third and finally, a court may, in its discretion, decline to exercise CAFA jurisdiction if "greater than one-third but less than two-thirds of the members of all proposed plaintiff classes in the aggregate and *the primary defendants* are citizens of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(3) (emphasis added). Because REDX is a citizen of Utah, this exception does not apply. *See* Compl. ¶ 11.

## III. REDX HAS MET ALL OTHER REQUIREMENTS FOR REMOVAL

21. Venue for removal purposes is proper in this Court pursuant to 28 U.S.C. § 1446 as the United States District Court for the District of Colorado geographically embraces the state court in the County of Denver, in which Plaintiff filed the State Court Action.

22. This Notice of Removal is timely because it is filed within 30 days of service of the original Complaint on Defendant. 28 U.S.C. § 1446(b)(1) (notice of removal shall be filed within 30 days of service); *Cessna Fin. Corp. v. VYWB, LLC*, 982 F. Supp. 2d 1226, 1234 (D. Kan. 2013) ("[A] sensible interpretation of § 1446(b) requires that the removal period be triggered only upon

receipt of the pleadings by the defendant or an agent designated by defendant."). REDX was served with the Complaint on June 22, 2026, and this Notice of Removal is filed less than thirty days thereafter, on July 20, 2026.

## IV. NOTICE TO ADVERSE PARTIES AND THE STATE COURT

23. 28 U.S.C. § 1446(a) requires that copies of all pleadings, process, and orders served upon the removing defendant in the state court action be attached to the Notice of Removal. These materials are attached to this Notice as **Exhibits A, B**.

24. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal shall be contemporaneously filed with the Clerk of the District Court of the State of Colorado for the County of Denver and served upon Plaintiff.

## V. CONCLUSION

**WHEREFORE,** REDX respectfully removes this action from the Denver County District Court of the State of Colorado, to this Honorable Court, the United States District Court for the District of Colorado.

Dated: July 20, 2026

CLARK HILL LLP

By: */s/Michael J. Laszlo*

Michael J. Laszlo (#38206)
2595 Canyon Blvd., Suite 400
Boulder, CO 80302
Tel: (303) 926-0410
Email: mlaszlo@clarkhill.com

*Attorney for REDX LLC*

**CERTIFICATE OF SERVICE**

I certify that on July 20, 2026, that the foregoing was served on counsel for Plaintiff via the Court's ECF Filing system which will serve a copy of the filing.

*/s/ Michael J. Laszlo*
Michael J. Laszlo